IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| AMERIS BANK, <br> as assignee of the <br> Federal Deposit Insurance Corporation, <br> receiver of <br> Darby Bank and Trust Co., <br> <br>     Plaintiff, <br> <br> v. <br> <br> IRA RUSSACK, <br> <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

Plaintiff Ameris Bank, as assignee of the Federal Deposit Insurance Corporation, receiver of Darby Bank and Trust Co. (hereinafter, "Plaintiff"), files this Complaint, showing the Court as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff is a bank duly organized under the laws of the State of Georgia. Plaintiff's principal place of business is located in the State of Georgia.

2. Defendant Ira Russack ("Russack") is a citizen of the State of New York and may be served at his residence at 136 Beach 144th Street, Neposit, New York, 11644.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of Georgia, Defendant is a citizen of the State of New York, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.  This Court has personal jurisdiction over Russack pursuant to O.C.G.A. § 9-10-91(1) because Russack has transacted business in Georgia, and the exercise of jurisdiction complies with the federal constitutional standards of due process.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Georgia, the guaranties attached to the complaint state that Russack "agrees upon Lender's request to submit to the jurisdiction of the courts of Toombs County, State of Georgia," and also because Russack transacted business in Toombs County, Georgia.

6.  Plaintiff has requested that Russack submit to the jurisdiction of the courts of Toombs County, State of Georgia.

Statement of Facts -- Background

7.  This case involves five commercial guaranties (collectively, the "Guaranties"), each of which was executed by Russack in favor of Darby Bank and Trust Company (hereinafter "Darby").

8.  The Guaranties were given to Darby in order to induce it to extend and renew multiple loans from Darby to G.T.O.T., LLC ("GTOT"). Each of the promissory notes and guaranties at issue in this lawsuit state that it was accepted by Darby in the State of Georgia. Each loan originated in Toombs County, Georgia, and each payment made on the promissory notes was made in the State of Georgia. At the time of these loans, Darby had its principal place of business in Toombs County, Georgia and administered the loans from its principal place of business.

9.  GTOT has now defaulted on five loans by failing to pay all sums due under the promissory notes evidencing each loan. As described in more detail below,

Plaintiff is the current holder of the Guaranties and GTOT promissory notes and has obtained judgments against GTOT on four of the five loans.

10. This lawsuit seeks a judgment against Russack in the amount of the indebtedness owed by GTOT.

## Statement of Facts – Ameris Bank Assignment

11. On November 12, 2010, Darby was closed by the Georgia Department of Banking and Finance (hereinafter "GDBF"). The GDBF took possession of Darby and appointed the Federal Deposit Insurance Corporation (hereinafter "FDIC") as Darby's receiver. The FDIC accepted the appointment as receiver pursuant to 12 U.S.C. § 1821(c)(3)(A) and seized control of Darby as of November 12, 2010.

12. Also on November 12, 2010, the GDBF filed a Petition for the Appointment of the FDIC in a case styled *In the Matter of: Darby Bank and Trust Co.*, Civil Action No. 10-CV-1288, in the Superior Court of Toombs County, State of Georgia. The Superior Court of Toombs County entered a consent order appointing the FDIC as receiver of Darby the same day. The consent order provides that the FDIC shall have all rights and powers as receiver under the Federal Deposit Insurance Act, including 12 U.S.C. § 1821, and all other applicable state and federal law.

13. Also on November 12, 2010, the FDIC as receiver of Darby entered into a Purchase and Assumption Agreement with Plaintiff in which the FDIC conveyed, sold, and assigned to Plaintiff all right, title, and interest of the FDIC in and to virtually all of the assets of Darby.

14. The FDIC has sold, conveyed, and assigned the promissory notes and guaranties which are the subject of this lawsuit to Plaintiff.

Statement of Facts -- the Unlimited Guaranties

15. On or about March 16, 2004, GTOT executed and delivered to Darby a promissory note dated March 16, 2004, in the original principal amount of $272,297.00, which was subsequently renewed on or about April 21, 2005 (hereinafter, said promissory note, as renewed, is referred to as "Note 995870").

16. In connection with Note 995870, Russack executed and delivered to Darby a commercial guaranty on or about March 16, 2004 ("Guaranty 995870").

17. Upon information and belief, Guaranty 995870 was executed in or around Bibb County, Georgia. A true and correct copy of Guaranty 995870 is attached as Exhibit A.

18. In connection with the renewal of Note 995870, Russack executed and delivered to Darby a second commercial guaranty on or about April 21, 2005 ("Second Guaranty 995870"). A true and correct copy of Second Guaranty 995870 is attached hereto as Exhibit B.

19. On or about December 9, 2004, GTOT executed and delivered to Darby a promissory note dated December 9, 2004, in the original principal amount of $148,335.00, which was subsequently renewed on or about April 21, 2005, and modified on May 2, 2005 (hereinafter, said promissory note, as renewed and modified, is referred to as "Note 1054250").

20. In connection with the renewal of Note 1054250, Russack executed and delivered to Darby a commercial guaranty on or about April 21, 2005 ("Guaranty 1054250"). A true and correct copy of Guaranty 1054250 is attached hereto as Exhibit C.

21. Guaranty 995870, Second Guaranty 995870, and Guaranty 1054250 (collectively, the "Unlimited Guaranties") provide that Russack "absolutely and unconditionally guarantees and promises to pay to [Darby] or its order…the indebtedness (as that term is defined below) of [GTOT]…. Under [the Unlimited Guaranties], the liability of [Russack] is unlimited and the obligations of [Russack] are continuing."

22. The Unlimited Guaranties define the term "Indebtedness" to include "any and all of [GTOT's] indebtedness to Lender…in the most comprehensive sense…including any and all of [GTOT's] liabilities, obligations and debts to Lender, now existing or hereinafter incurred or created, including, without limitation, all loans, advances, interest, costs, debts…any and present or future judgments against [GTOT]…."

23. In the Unlimited Guaranties, Russack authorized Darby "without notice or demand and without lessening [Russack's] liability under [the Unlimited Guaranties], from time to time…to make one or more additional secured or unsecured loans to [GTOT]…or otherwise extend additional credit to [GTOT]."

<u>Statement of Facts -- the Limited Guaranties</u>

24. On or about August 26, 2004, GTOT executed and delivered to Darby a promissory note dated August 26, 2004, in the original principal amount of $1,960,327.00, which was subsequently renewed on or about September 24, 2007, and modified on January 31, 2005 and September 22, 2005, (hereinafter, said promissory note, as renewed, is referred to as "Note 1030230").  A true and correct copy of Note 1030230 is attached as Exhibit D.

25. In connection with this loan, Russack executed and delivered a commercial guaranty on or about August 26, 2004 ("Guaranty 1030230").

26. A true and correct copy of Guaranty 1030230 is attached hereto as Exhibit E.

27. Also on or about August 26, 2004, GTOT executed and delivered to Darby a promissory note dated August 26, 2004, in the original principal amount of $3,750,000.00 which was subsequently renewed on or about June 8, 2007, and modified on July 29, 2008, September 25, 2008, and October 29, 2008, (hereinafter, said promissory note, as renewed, is referred to as "Note 1030240"). A true and correct copy of Note 1030240 is attached as Exhibit F.

28. In connection with this loan, Russack executed and delivered to Darby a commercial guaranty on or about August 26, 2004 ("Guaranty 1030240").

29. A true and correct copy of Guaranty 1030240 is attached hereto as Exhibit G.

30. Guaranty 1030230 and Guaranty 1030240 (collectively, the "Limited Guaranties") provide that Russack "absolutely and unconditionally guarantees and promises to pay to [Darby] or its order…the indebtedness (as that term is defined below) of [GTOT]." The Limited Guaranties define the term "Indebtedness" in the same manner as the Unlimited Guaranties.

31. Russack's liability for GTOT's indebtedness under Guaranty 1030230 is $196,032.70 plus all costs and expenses of enforcement of the guaranty. Russack's liability for GTOT's indebtedness under Guaranty 1030240 is $376,000.00 plus all costs and expenses of enforcement of the guaranty.

32.	The Limited Guaranties state that, if "Lender presently holds one or more guaranties, or hereafter receives additional guaranties from [Russack], Lender's rights under all guaranties shall be cumulative.  [The Limited Guaranties] shall not (unless specifically provided below to the contrary) affect or invalidate any such other guaranties.  [Russack's] liability will be [Russack's] aggregate liability under the terms of [the Limited Guaranties] and any such other unterminated guaranties."

33.	The Limited Guaranties do not specifically provide that the Limited Guaranties affect or invalidate the Unlimited Guaranties.

34.	Russack never terminated or otherwise revoked the Unlimited Guaranties and remains liable for all of GTOT's indebtedness to Plaintiff under those instruments.

<u>Statement of Facts -- GTOT's Indebtedness</u>

35.	GTOT entered into multiple loan agreements with Darby between March 21, 2004 and February 26, 2008.  Of these loans, two were satisfied while the remaining loans were consolidated with other loans until only five GTOT loans remained.  Four of those five loans have been reduced to judgment.

36.	The amounts owed under each of the promissory notes attached to this complaint (the "Notes") constitute "Indebtedness" as that term is defined in each of the Guaranties.

37.	Each of Notes provides that failure to pay any part of the principal or interest when due shall constitute an event of default under the note and that from and after any event of default under the note, interest on the outstanding principal and accrued interest then outstanding shall accrue at the rate of 16%.

### A. Note 1152620

38. Promissory note numbered 1152620 is composed of the renewal and consolidation, sometimes under different loan numbers, of three different loans, one of which was a promissory note dated August 26, 2004, in the original principal amount of $750,000 ("Note 1030220").

39. The second and third loans, Note 995870 and Note 1054250, both of which are described above, were renewed and consolidated on or about July 22, 2005, when GTOT executing a promissory note dated July 22, 2005, in the original principal amount of $414,370.16 ("Note 1103780"). This sum represented the unpaid balance of Note 995870 and Note 1054250.

40. On or about September 22, 2005, GTOT renewed and consolidated Note 1103780 and Note 1030220 by signing a promissory note in favor of Darby dated September 22, 2005, in the original principal amount of $1,162,589.00 ("Note 1118800").

41. On or about February 2, 2006, GTOT renewed Note 1118800 under a new loan number by executing a promissory note dated February 2, 2006, in the original principal amount of $962,689.00, which was subsequently renewed on or about August 25, 2006, and September 24, 2007, and modified on October 29, 2008, (hereinafter, said promissory note, as renewed and modified, is referred to collectively as "Note 1152620").

42. A true and correct copy of Note 1152620 is attached hereto as Exhibit H.

43. GTOT promised in Note 1152620 to pay to Darby the principal sum of $953,143.76 plus interest at a variable per annum rate equal to Darby's "Index" (as defined in Note 1152620) all as more fully set forth in Note 1152620.

44. Note 1152620 matured on October 29, 2009, at which time GTOT became obligated to pay all unpaid principal and interest under Note 1152620.

45. GTOT failed to timely pay Plaintiff payments which became due and owing under Note 1152620.

46. A material default occurred under the Guaranties as a result of Russack's failure to timely pay Plaintiff payments which became due and owing under Note 1152620.

47. Plaintiff hereby delivers notice to Russack that Plaintiff intends to enforce the provisions of the Guaranties relative to the payment of attorney's fees in addition to principal and interest in the event that collection is made through the services of an attorney. Georgia law provides that Russack has ten (10) days from his receipt of this notice to pay all outstanding principal and interest without imposition of attorney's fees. In the event that Russack does not pay this debt in full within ten (10) days, then the attorney's fees imposed will be calculated based upon the entire debt.

48. As of January 6, 2014, the past-due principal outstanding under Note 1152620 is $953,143.76.

49. As of January 6, 2014, the past-due, accrued, unpaid interest outstanding under Note 1152620 is $724,707.82.

50. The amount of per diem interest which continues to accrue on the past-due principal amount outstanding under Note 1152620 is $423.62.

51. As of January 6, 2014, Plaintiff is owed the aggregate sum of $1,677,851.58 for past-due, unpaid principal and past-due, accrued, unpaid interest.

52. As of January 6, 2014, Plaintiff is also owed, in addition to principal and interest, Plaintiff's costs of collection and attorney's fees pursuant to O.C.G.A. § 13-1-11.

**B. Note 1030240 and Note 1436620**

53. On or about February 26, 2008, GTOT executed and delivered to Darby a promissory note dated February 26, 2008, in the original principal amount of $125,312.00 which was subsequently modified on September 25, 2008, and October 29, 2008, (hereinafter, said promissory note, as modified, is referred to as "Note 1436620"). A true and correct copy of Note 1436620 is attached hereto as Exhibit I.

54. GTOT promised in Note 1436620 to pay to Darby the principal sum of $125,312.00 plus interest at a variable per annum rate equal to Darby's "Index" (as defined in Note 1436620) all as more fully set forth in the note.

55. GTOT promised in Note 1030240, as modified, to pay to Darby the principal sum of $3,387,156.43 plus interest at the rate of 4.5% per annum rate all as more fully set forth in the note.

56. Note 1030240 and Note 1436620 matured on October 29, 2009, at which time GTOT became obligated to pay all unpaid principal and interest.

57. Plaintiff has not received all payments which became due and owing under Note 1030240 or Note 1436620.

58. A material default occurred under the Guaranties as a result of Russack's failure to timely pay Plaintiff payments which became due and owing under Note 1030240 and Note 1436620.

59. On May 11, 2012, Plaintiff obtained a judgment against GTOT in the Court of Common Pleas, State of South Carolina, in the amount of $4,115,756.63 (the "First

Judgment"), which sum represented the total amounts owed under Note 1030240 and Note 1436620.

60. The First Judgment was subsequently reduced by the foreclosure of certain collateral, resulting in a deficiency judgment in the amount of $2,570,713.56 on July 12, 2012 (the "First Deficiency Judgment").

61. Copies of the First Judgment and First Deficiency Judgment are attached as Exhibit J and Exhibit K, respectively.

62. Plaintiff hereby delivers notice to Russack that Plaintiff intends to enforce the provisions of the Guaranties relative to the payment of attorney's fees in addition to principal and interest in the event that collection of the remaining sums due under Note 1030240, Note 1436620, the First Judgment, and the First deficiency Judgment is made through the services of an attorney. Georgia law provides that Russack has ten (10) days from his receipt of this notice to pay all outstanding principal and interest due without imposition of attorney's fees. In the event that Russack does not pay this debt in full within ten (10) days, then the attorney's fees imposed will be calculated based upon the entire debt.

63. As of January 6, 2014, the past-due, accrued, unpaid interest outstanding under the First Deficiency Judgment is $ 277,266.66 pursuant to S.C. Code Ann. § 34-31-20 (B), Interest Rate on Money Decrees and Judgments, Order no. 2012-01-04-01 (S.C. 2012), and Interest Rate on Money Decrees and Judgments, Order no. 2013-01-03-01 (S.C. 2013).

64. Pursuant to South Carolina law, interest will continue to accrue at the per diem rate of $510.62 until January 15, 2014, at which point the Supreme Court of South

Carolina will publish an order setting the annual post-judgment interest rate for 2014 pursuant to S.C. Code Ann. § 34-31-20 (B).

65. As of January 6, 2014, Plaintiff is owed the aggregate sum of $2,848,490.84 for unpaid principal and accrued, unpaid interest under Note 1030240 and Note 1436620.

66. Plaintiff is also owed, in addition to principal and interest, Plaintiff's costs of collection and attorney's fees pursuant to O.C.G.A. § 13-1-11.

### C. Note 1030230 and Note 1406270

67. As described above, GTOT was indebted to Ameris under Note 1030230, a copy of which is attached hereto as Exhibit D.

68. On or about January 7, 2008, GTOT executed and delivered to Darby a promissory note dated January 7, 2008, in the original principal amount of $308,428.00 ("Note 1406270").

69. A true and correct copy of Note 1406270 is attached hereto as Exhibit L.

70. Note 1030240 and Note 1436620 constitute "Indebtedness" as that term is defined in the Guaranties.

71. In Note 1030230, as modified, GTOT promised to pay to Darby the principal sum of $1,213,017.08 plus interest at the rate of 3% per annum rate, as more fully set forth in the note.

72. In Note 1406270, GTOT promised to pay to Darby the principal sum of $308,428.00 plus interest at the rate of 7.25% per annum rate all as more fully set forth in the note.

73. Note 1030230 and Note 1406270 matured on August 24, 2010, and January 7, 2011, respectively, at which time GTOT became obligated to pay all unpaid principal and interest under the notes.

74. Plaintiff has not received all payments which became due and owing under Note 1030230 or Note 1406270.

75. A material default occurred under the Guaranties as a result of Russack's failure to timely pay Plaintiff payments which became due and owing under Note 1030230 and Note 1406270.

76. On May 10, 2013, Plaintiff obtained a judgment against GTOT in the Court of Common Pleas, State of South Carolina, in the amount of $2,381,826.59 (the "Second Judgment"), which sum represented the total amounts owed under Note 1030230 and Note 1406270.

77. The Second Judgment was subsequently reduced by the foreclosure of certain collateral, resulting in a deficiency judgment in the amount of $1,711,487.12 on July 11, 2013 (the "Second Deficiency Judgment").

78. Copies of the Second Judgment and Second Deficiency Judgment are attached as Exhibit M and Exhibit N, respectively.

79. Plaintiff hereby delivers notice to Russack that Plaintiff intends to enforce the provisions of the Guaranties relative to the payment of attorney's fees in addition to principal and interest in the event that collection of the remaining sums due under Note 1030230, Note 1406270, the Second Judgment and the Second Deficiency Judgment is made through the services of an attorney. Georgia law provides that Russack has ten (10) days from his receipt of this notice to pay all outstanding principal and interest due without imposition of attorney's fees. In the event that Russack does not pay this debt in

full within ten (10) days, then the attorney's fees imposed will be calculated based upon the entire debt.

80.	As of January 6, 2014, the past-due, accrued, unpaid interest outstanding under the Second Deficiency Judgment is $60,851.05 pursuant to S.C. Code Ann. § 34-31-20 (B) and Interest Rate on Money Decrees and Judgments, Order no. 2013-01-03-01 (S.C. 2013).

81.	Pursuant to South Carolina law, interest will continue to accrue at the per diem rate of $339.95 until January 15, 2014, at which point the Supreme Court of South Carolina will publish an order setting the annual post-judgment interest rate for 2014 pursuant to S.C. Code Ann. § 34-31-20 (B).

82.	As of January 6, 2014, Plaintiff is owed the aggregate sum of $1,772,338.17 for past-due, unpaid principal and past-due, accrued, unpaid interest under Note 1030230 and Note 1406270.

83.	Plaintiff is also owed, in addition to principal and interest, Plaintiff's costs of collection and attorney's fees pursuant to O.C.G.A. § 13-1-11.

### Count I Breach of Guaranty: Note 1152620

84.	GTOT failed to pay Plaintiff amounts due and owing under Note 1152620 as required under the note.

85.	As of January 6, 2014, GTOT is liable to Plaintiff for past due principal and accrued, unpaid interest in the amount of $1,677,851.58 under Note 1152620 which sum constitutes "Indebtedness" as that term is defined in the Guaranties.

86.	Russack has breached the Guaranties by failing to pay Plaintiff all amounts GTOT owes Plaintiff under Note 1152620.

87. Russack is liable to Plaintiff for GTOT's indebtedness under Note 1152620 and for Plaintiff's costs of collection and attorney's fees pursuant to O.C.G.A. § 13-1-11.

### Count II Breach of Guaranty: Note 1030240 and Note 1436620

88. GTOT failed to pay Plaintiff amounts due and owing under Note 1030240 and Note 1436620 as required under the note.

89. As of January 6, 2014, GTOT is liable to Plaintiff for past due principal and accrued, unpaid interest in the amount of $2,848,490.84 under Note 1030240 and Note 1436620 which sum constitutes "Indebtedness" as that term is defined in the Guaranties.

90. Russack has breached the Guaranties by failing to pay Plaintiff all amounts owed under Note 1030240 and Note 1436620.

91. Russack is liable to Plaintiff for GTOT's indebtedness under Note 1030240 and Note 1436620 and for Plaintiff's costs of collection and attorney's fees pursuant to O.C.G.A. § 13-1-11.

92. Alternatively, Russack has breached the Guaranties by failing to pay Plaintiff all amounts GTOT owes Plaintiff under the First Deficiency Judgment.

93. Russack is liable to Plaintiff for GTOT's indebtedness under the First Deficiency Judgment and for Plaintiff's costs of collection and attorney's fees pursuant to O.C.G.A. § 13-1-11.

### Count III Breach of Guaranty: Note 1030230 and Note 1406270

94. GTOT failed to pay Plaintiff amounts due and owing under Note 1030230 and Note 1406270 as required under those notes.

95. As of May 3, 2013, GTOT is liable to Plaintiff for past due principal and accrued, unpaid interest in the amount of $1,772,338.17 under Note 1030230 and Note

1406270 which sum constitutes "Indebtedness" as that term is defined in the Guaranties.

96. Russack has breached the Guaranties by failing to pay Plaintiff all amounts owed under Note 1030230 and Note 1406270.

97. Russack is liable to Plaintiff for GTOT's indebtedness under Note 1030230 and Note 1406270 and for Plaintiff's costs of collection and attorney's fees pursuant to O.C.G.A. § 13-1-11.

98. Alternatively, Russack has breached the Guaranties by failing to pay Plaintiff all amounts GTOT owes Plaintiff under the Second Deficiency Judgment.

99. Russack is liable to Plaintiff for GTOT's indebtedness under the Second Deficiency Judgment and for Plaintiff's costs of collection and attorney's fees pursuant to O.C.G.A. § 13-1-11.

WHEREFORE, Plaintiff prays for judgment in its favor and against Russack as follows:

a) Defendant be served with summons and this Complaint;

b) Defendant Russack be found liable to Plaintiff in an amount to be determined at trial, plus pre-judgment and post-judgment interest, for all amounts due and owing under the Guaranties;

c) Defendant Russack be found liable to Plaintiff for the costs and expenses of this litigation, including Plaintiffs' attorney's fees pursuant to O.C.G.A. § 13-1-11;

d) The imposition of post-judgment interest at the default rate of 16% as defined in the Notes; and

e) Such other and further relief as the Court deems just and proper.

This 6th day of January, 2014.

                                                          ELLIS, PAINTER, RATTERREE & ADAMS LLP

                                        By:    /s/ Jason C. Pedigo
                                                      Jason C. Pedigo
                                                      Georgia Bar No. 140989
                                                      Paul W. Painter
                                                      Georgia Bar No. 559450
                                                      Attorneys for Plaintiff

Post Office Box 9946
Savannah, Georgia  31412
(912) 233-9700
pedigo@epra-law.com
ppainter@epra-law.com

1218803.1

17