# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

AMERIS BANK,　)
as assignee of the Federal Deposit　)
Insurance Corporation, receiver of　)
Darby Bank and Trust Co.,　)
　)
　　Plaintiffs,　)
　)
v.　)　　Case No. CV614-002
　)
IRA RUSSACK,　)
　)
　　Defendant.　)

## ORDER

Before the Court in this collection case is the motion of Ameris Bank to stay discovery until the district judge rules on its partial summary judgment motion. Doc. 12. Ameris made five loans to GTOT, LLC ("GTOT") and GTOT defaulted, so Ameris now pursues payment from the loans' guarantor, defendant Ira Russack. (Docs. 12 & 15; doc. 1 (complaint).) Russack, who opposes the stay motion, doc. 15, is invoking defenses like novation.[1] Ameris says he's waived that particular defense,

---

[1] O.C.G.A. § 10-7-21 states that any contract novation without the consent of the surety discharges him. *Id.* O.C.G.A. § 10-7-22 states that any act of a creditor

so it is entitled to summary judgment and to be spared discovery on that score. Ameris concedes the district judge's summary judgment ruling won't dispose of the entire case, but will resolve "much of it." Doc. 12 at 6. The number of depositions on things like defendant's negligent loan administration allegations "may be reduced since it will not be necessary to depose witnesses based only on their involvement in making credit decisions or administering the GTOT loans long after the guaranties were executed." *Id.*

Under Fed. R. Civ. P. 26(c), this Court has "broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). The clear case for granting a stay is found where all discovery may be mooted by ruling on a legal issue. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."). A stay "is rarely appropriate where resolution of the motion will not dispose of the entire case." *Corbin v. Affiliated Computer Services, Inc.*, 2013 WL 3322650 at *1 (M.D. Fla. July 1, 2013). Ameris, the moving party, bears

---

injuring a surety or exposing him to increased risk or liability shall discharge him. *Id.*

the burden of showing good cause and reasonableness. *Id.* To resolve the motion, the Court may take a "preliminary peek" at the merits of the dispositive motion to assess the likelihood that it will be granted. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

From the stay and summary judgment filings thus far (docs. 11, 12, 15, 17, 19 & 21) the most salient issues on what amounts to 24 loan transactions are (1) novation, upon which novation-discovery can be mooted by a summary judgment ruling on Ameris' waiver argument; (2) ambiguity, failure of consideration, and mutual assent, which may well be resolved by examining the face of the closing documents but *could* require a jury determination, *see, e.g., L.D.F. Family Farm, Inc. v. Charterbank*, \_\_ Ga. App. \_\_, 756 S.E.2d 593, 597 (Mar. 19, 2014); and (3) finally, whether Russack's signature was fraudulently obtained -- something Ameris agrees he is entitled to raise and develop and in fact is not reached by its summary judgment motion. Doc. 19 at 2.

The fraudulent signature issue may likely entail relatively quick and limited discovery (did he sign or not?), while expensive discovery seems certain short of a ruling on the novation waiver. But in Russack's summary judgment opposition brief he argues: "Even if Russack did sign

3

all of the subject Guaranties (which he denies to the best of his knowledge), there is obviously a material issue of fact as to *when* they were executed in relation to the twenty-four (24) different loan transactions; and if they were signed *after* the loans were closed, the loans themselves cannot be the consideration for the Guaranties." Doc. 17 at 14 (emphasis added). Ameris impliedly acknowledges this issue in its stay motion reply brief, when it emphasizes that a lot of discovery will be spared on its novation-waiver defense, but more or less concedes that Russack's temporality and ambiguity issues remain to be resolved through litigation. Doc. 21 at 1-3. To that must be added plaintiff's actual concession that the fraudulent signature defense warrants discovery. Suffice it to say that discovery here faces no "knock-out-punch" by a dispositive issue.

To be sure, this is a reasonably close call. There is no suggestion that time-sensitive evidence will be lost (at least not in the sense that a few more months will matter) [2] and there is some indication that costly discovery can be avoided on (if the waiver defense is upheld) "negligent" loan administration claims. The Court also has the benefit of the parties'

---

[2] The instant motion is before the undersigned, while the summary judgment motion is before the district judge. It is reasonable to assume that the district judge will reach the latter within the coming months.

summary judgment filings, which indicate that the issues on which discovery is warranted stand to be narrowed, as assisted by Fed. R. Civ. P. 56(d) contentions (i.e., show what discovery, if any, is actually needed on the issue in question). But granting Ameris its stay is, on balance, not warranted for the simple reason that Ameris has failed to show that its pending *partial* summary judgment motion will spare the parties undue discovery expense, and that is the standard applicable here.

Accordingly, the Court **DENIES** plaintiff Ameris Bank's stay motion. Doc. 12.

**SO ORDERED** this 29th day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA