UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AMERIS BANK as assignee of the Federal Deposit Insurance Corporation, receiver of Darby Bank and Trust Co.,

Plaintiff,

v.    6:14-cv-2

IRA RUSSACK,

Defendant.

## ORDER

### I. INTRODUCTION

Ameris Bank ("Ameris") brings this action against Ira Russack to recover unpaid bank loans pursuant to personal guaranty agreements. ECF No. 1. Russack has raised many defenses as to the enforceability of the contracts. ECF No. 7. Ameris now moves for partial summary judgment on the issue of whether Russack waived defenses available to him under O.C.G.A. §§ 10-7-21 and 10-7-22. ECF No. 11. The Court concludes that on the face of the guaranties, Russack has waived certain defenses available to him, so the Court *GRANTS* the motion. However, Russack may continue to defend the case on a theory that the guaranties fail entirely, or that the guaranties limit his liability.

### II. BACKGROUND

In 2003, Russack formed a business relationship with Richard Yates to develop real estate in Florida and Georgia. ECF No. 17 at 3. A supplier to their venture, Crossroads Homes, Inc. ("Crossroads"), ran into financial trouble and was unable to pay its debt to Darby Bank and Trust Co. ("Darby"). *Id.* "In order to capitalize Crossroads so that the much-needed prefabricated homes could be obtained, G.T.O.T. (which stood for 'Get Terry Out of Trouble') was formed."[1] *Id.* Darby then loaned G.T.O.T. money on several occasions and Ameris claims that Russack signed personal guaranties to repay funds. ECF No. 17 at 4-5; *see also* ECF Nos. 1; 1-1 et seq.

Darby then ran into financial trouble around 2010 and the Georgia Department of Banking and Finance took possession of the bank. ECF No. 1 at 3. The Federal Deposit Insurance Commission ("FDIC") accepted appointment as receiver of Darby, and a court entered an order providing for FDIC to have rights and powers pursuant to the Federal Deposit Insurance Act. *Id.* The FDIC then conveyed nearly all of the rights and interests of Darby to Ameris. *Id.* Ameris alleges that G.T.O.T. has not repaid the loans. ECF No. 1 at 2-3.

Ameris now seeks to enforce the rights assigned from Darby against Russack and collect on G.T.O.T.'s defaulted obligations.

### III. ANALYSIS

The Motion for Partial Summary Judgment asks the Court for a ruling that Russack waived statutory defenses pursuant to O.C.G.A. §§ 10-7-21 and 10-7-22. ECF No. 11 at 2. Russack vigorously defends against this motion, arguing that Darby's failed loan practices are indicative of its

---

[1] Russack avoids mentioning who formed G.T.O.T., but that fact is irrelevant. *See* ECF No. 17 at 3.

unscrupulous business dealings. ECF No. 17 at 1-2.

## A. Summary Judgment Standard

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on summary judgment, the Court views the facts and inferences from the record in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008).

## B. Advisory Opinion

Russack describes the Motion for Partial Summary Judgment as a request for an advisory opinion. ECF No. 17 at 2. Ameris responds that the Court may enter partial summary judgment if it "it serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact." ECF No. 21 at 2-3 (quoting *Subaru of Am., Inc. v. DDB Worldwide Commc'ns Grp., Inc.*, No. 08-6218, 2010 WL 1257732, at *1 (D.N.J. Mar. 25, 2010)).

"The federal courts established pursuant to Article III of the Constitution do not render advisory opinions." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (alterations omitted). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (internal quotations omitted).

The Supreme Court's statement exactly describes this case. This is a classic dispute between a debtor and a lender. Ameris wants its money, and it wants its money now. Furthermore, Ameris wishes to avoid excessive discovery, and the case is in the discovery period. *See* ECF No. 27. Partial summary judgment here will resolve a very real controversy over available defenses. The Court rules that this decision is not an advisory opinion, and thus the Court has authority to consider the matter at this time.

## C. Georgia Statutory Defenses Available to Russack

Georgia provides two statutory escape hatches for guarantors. "Any change in the nature or terms of a contract is called a 'novation'; such novation, without the consent of the surety, discharges him." O.C.G.A. § 10-7-21. An act of a creditor which injures the guarantor or increases his risk also discharges him. *Id.* at § 10-7-22. Georgia courts expressly allow for a waiver of these defenses. *Baby Days, Inc. v. Bank of Adairsville*, 463 S.E.2d 171, 174 (Ga. Ct. App. 1995) ("A guarantor may consent in advance to a course of conduct which would otherwise result in his discharge, and this includes the waiver of defenses otherwise available to a guarantor.").

Ameris points to the language of each guaranty as sufficient to prove a valid waiver by Russack. ECF Nos. 1-2; 1-3; 1-4 1-6; 1-8. Each of the guaranties contains, in relevant part, the following language:

> Guarantor . . . waives any and all rights or defenses arising by reason

of (A) the provisions of O.C.G.A. Section 10-7-24 . . . or any other law which may prevent Lender from bringing any action, including a claim for deficiency, against Guarantor; . . . (D) any right to claim discharge of the Indebtedness on the basis of unjustified impairment of any collateral for the Indebtedness; . . . (F) any defenses given to guarantors at law or in equity other than actual payment and performance of the Indebtedness.

*Id.*

Russack raises six arguments in response: (1) the Guaranties were fraudulently obtained; (2) the Guaranties fail for lack of consideration; (3) the Guaranties fail for lack of mutual assent; (4) the Guaranties are ambiguous; (5) Ameris is equitably estopped from enforcing its waiver claims due to Darby's gross negligence and constructive fraud; and (6) enforcement of the waiver provisions would be unconscionable. ECF No. 17 at 2. Russack also contends that "Ameris' entire argument presupposes that the Guaranties are enforceable." *Id.*

As a threshold matter, the Court highlights that Ameris seeks only a ruling that "the language in the guaranties precludes the ability to claim a discharge of indebtedness pursuant to O.C.G.A. §§ 10-7-21 or 10-7-22." ECF No. 11 at 6. The Court's analysis today considers the waiver language of the guaranties only on its face. The Court need not presuppose that the guaranties are enforceable to interpret the contract as a matter of law. *See* O.C.G.A. § 13-2-1 ("The construction of a contract is a question of law for the court."); *In re Netbank, Inc.*, 729 F.3d 1344, 1349 (11th Cir. 2013) (discussing ambiguity as a question of law in Georgia). And the Court need not even consider if all of the language of the guaranties is unambiguous to rule on this motion.

To that end, Russack's contentions of fact are irrelevant here, and the Court need not address the arguments of fraud, lack of consideration, lack of mutual assent, equitable estoppel, and unconscionability. Russack may save those defenses for another day. Russack's defense of ambiguity focuses on whether each guaranty is 1) limited or unlimited; and 2) open or closed. ECF No. 17 at 16-18.

The Court follows Georgia's three-step process to interpret the waivers in the guaranty contracts.

> First, the court decides if the contract language is unambiguous, and if so the court enforces the contract's clear terms. Second, if the contract is ambiguous, the court must apply the rules of contract construction to resolve the ambiguity. And third, if the ambiguity remains after use of the construction rules, the meaning of the contract must be decided by a jury.

*Netbank*, 729 F.3d at 1349-50. Georgia courts have ruled on these waivers, upholding their validity. *See Ramirez v. Golden*, 478 S.E.2d 430, 430 (Ga. Ct. App. 1996) (upholding waiver where defendant agreed to forego "any legal or equitable

3

defenses whatsoever to which Guarantor might otherwise be entitled").

Here, the guaranties provide a much greater recitation of the waived defenses than the summary waiver in *Ramirez*. And Russack's argument that the guaranties have markings that make them closed or partially enforceable does not refer directly to the waiver language. The Court concludes that the waiver language is reasonably subject to only one interpretation and is not ambiguous. *See Caswell v. Anderson*, 527 S.E.2d 582, 582 (Ga. Ct. App. 2000) ("Contract language is unambiguous if it is capable of only one reasonable interpretation.").

So, in the event that the guaranties are enforceable, the defenses of O.C.G.A. §§ 10-7-21 and 10-7-22 will be unavailable to Russack. But the Court reserves any ruling on that contentious issue for a different day.

## IV. CONCLUSION

The Court determines that Russack's waiver of Georgia statutory defenses is unambiguous, and if the guaranties are enforceable, the defenses will be unavailable to Russack. The Motion for Partial Summary Judgment, ECF No. 11, is **GRANTED** to that extent.

This 21 day of August 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA