IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AMERIS BANK, as Assignee of
the Federal Deposit Insurance
Corporation, Receiver of
Darby Bank and Trust Co.,

    Plaintiff,

v.

IRA RUSSACK,

    Defendant.

Case No. CV 614-002

**ORDER**

On April 1, 2015, Magistrate Judge G.R. Smith entered an order, doc. 52, granting in part and denying in part Plaintiff's motion for protective order, doc. 41, and granting Defendant's motion for protective order. Doc. 28. Defendant has since filed objections to that Order, which the Court addresses below. Doc. 53. This Order assumes familiarity with the Magistrate Judge's earlier order.

Federal Rule of Civil Procedure 72(a) provides that for non-dispositive pretrial matters decided by a magistrate judge: "A party may serve and file objections to [a magistrate's] order within 14 days after being served with a copy . . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly

erroneous or is contrary to law." The Court has thoroughly reviewed the Magistrate Judge's Order and Defendant's objections and finds no clear error of fact or law.

Defendant contests the Magistrate Judge's finding that topics 1, 2, and 4[1] from Defendant's Rule 30(b)(6) deposition notice to Ameris are irrelevant and thus not discoverable. Doc. 52 at 7-9. He says those topics "seek[] evidence in support of" defenses that "if proven, would limit his liability on the grounds that the underlying debt that is supposedly guaranteed was discharged prior to Ameris obtaining Darby Bank's assets even if the Guarantees themselves are enforceable." Doc. 53 at 4 (emphasis omitted). Specifically, Defendant asserts that topic 1 "may lead to admissible evidence that would tend to show that Ameris was, prior to acquisition [of the loans Defendant guaranteed], unclear of or concerned with the status of some or all of the . . . loans it now looks to [Defendant] for recovery." Doc. 53 at 6. He says topic 2 is relevant because the book value of a loan "as determined by Ameris Bank at the time of purchase from the FDIC . . . cannot be said to be irrelevant." Id. at 8. Finally, Defendant contends that any determination by Ameris that his guaranties "lacked

---

[1] Topic 1 sought information on "[d]ue diligence of Ameris Bank in purchasing GTOT loans from FDIC/Darby Bank;" 2 sought "[t]he book value of each GTOT loan as determined by Ameris Bank at the time of the purchase from FDIC/Darby Bank;" while 4 sought "[t]he valuation of the Russack Guaranties as determined by Ameris Bank at the time of purchase of the GTOT loans from FDIC/Darby Bank." Doc. 52 at 6.

2

value . . . would undoubtedly tend to support [Defendant's] and Darby Bank's view of the enforceability of the underlying debt." *Id.* at 8-9.

Defendant's objections lack merit. The value Ameris ascribed to the loans and guaranties, and whether it thought Darby discharged and closed those, "do[] not make it any more or less probable that the guarantees at issue here are enforceable against [Defendant]," that Ameris acquired them in the first place, or that Darby discharged them before its failure and take-over by the FDIC. Doc. 52 at 9. An example illuminates why. Assume that, pre-purchase, Ameris found the GTOT loans and Defendant's guaranties worthless (that seems farfetched in light of Ameris pursuing this case). What then? Their enforceability would remain a product of contract law unaffected by Ameris's subjective impressions of loan values.

Ameris's pre-purchase due diligence and loan valuations also do not bear on whether Ameris acquired the guaranties it attempts to enforce. As Ameris correctly notes, that question is answered by the Purchase and Assumption Agreement with the FDIC. Doc. 41-1 at 7. Finally, Ameris's subjective beliefs are not probative of whether Darby discharged the loans or "closed" Defendant's guaranties prior to its failure. *See* Doc. 44 at 6.

Darby either did or did not discharge loans and close guaranties — what Ameris thought about the loan values cannot change that.[2]

Accordingly, Defendant's objections are hereby **OVERRULED** and the Magistrate Judge's prior order is **AFFIRMED**.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of August, 2015.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```

---

[2] As Ameris notes:

> Russack is entitled to investigate whether GTOT's debt has been satisfied or discharged. Russack is also free to investigate whether Darby has released him from any of his guaranties. Ameris has produced the loan file for each loan described in the complaint. Russack is free to ask the Darby loan officers who managed these loans whether they obtained permission to forgive any debt. Russack has deposed Richard Yates, the manager of GTOT. He was free to inquire whether GTOT satisfied or obtained a release from any obligations under its promissory notes. Lastly, Russack designated the identity of the GTOT loans and their guaranties as topics for Ameris'ss Rule 30(b)(6) deposition. Russack had ample opportunity to question Ameris about the loan payment history, whether the loans had been satisfied or forgiven, and whether Russack's guaranties had been cancelled or satisfied. He does not complain that Ameris was unable or unwilling to testify on these subjects. In short, Russack has been, and remains, free to review the documents generated while Darby managed the loans and question the loan officers who would have been involved in any debt forgiveness.

Doc. 46 at 2. Those discovery topics and methods are "directly probative" of whether Darby Bank discharged the loans or closed the guaranties, and thus whether certain defenses Russack pled prevail (and certain claims by Ameris fail). Doc. 44 at 6. What Ameris learned during its due diligence, or what it thought about the value of the loans and guaranties, on the other hand, do nothing to show "whether Darby Bank's position regarding discharge of debt and 'closing' of guaranty obligations is valid." *Id.* Rather, they show what Ameris thought about, at best, "Darby Bank's position," which in turn does nothing to undermine Ameris's claims or enhance Russack's defenses. *Id.*